IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO:

EARTHELL LATTA, )
)
   Plaintiff, )
) **COMPLAINT**
   v. ) **JURY TRIAL DEMANDED**
)
)
MARTIN MARIETTA MATERIALS, )
INC. )
   Defendant. )

NOW COMES Plaintiff, by and through the undersigned counsel, and complaining of the Defendant, alleges and says:

## I.    INTRODUCTION, PARTIES & JURISDICTION

1. This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. Section 1981.

2. Plaintiff, Earthell Latta, is an African American female and resident of Charlotte, North Carolina.

3. Martin Marietta Materials, Inc., Defendant, is a natural resource-based materials company operating under the laws of North Carolina and is a business incorporated in North Carolina with principal place of operations at Raleigh, NC. Defendant has appointed a registered agent for receipt of service of process at CT Corporation, 160 Mine Lake Ct. Suite 200, Raleigh, NC 27615.

4. At all times alleged herein, Defendant was and continues to be engaged in an industry affecting commerce and is an "employer" within the meaning of Title VII, Section 1981, as it regularly employs 15 or more employees.

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

6. This Court has subject matter and personal jurisdiction over the parties in this Complaint.

1

## II.     FACTS

7. Plaintiff has been employed with the Defendant since 1987. Throughout that time, Plaintiff has been employed in Quality Control. She has been a Quality Control Technician for 21 years.

8. As a Quality Control Technician, Plaintiff is responsible for monitoring and reviewing the materials that Defendant creates before being shipped to customers.

9. Plaintiff worked at the Charlotte, NC facility located at 4551 Beatties Ford Rd., Charlotte, NC 28216.

10. Upon information and belief, Plaintiff was the only African American and female in her group.

11. Throughout Plaintiff's career, she has performed at or above satisfactory level.

12. Plaintiff is an hourly employee and regularly worked overtime on weekends.

13. In 2019, a new supervisor, John Smith, was assigned to Plaintiff's group.

14. Soon after being assigned, Mr. Smith made changes to Plaintiff's schedule, requiring Plaintiff to come in at 6:30am rather than 7am. Prior to that, Plaintiff had been allowed to come in at 7am due to caregiver responsibilities.

15. Mr. Smith also told Plaintiff that she was required sit in the Monday morning meetings with the other members of the team.

16. Plaintiff does not object to having to take part in Monday morning meetings. However, Plaintiff was allowed to not attend those morning meetings because of the conversations the other members of the group would engage in. These conversations included statements about Plaintiff's physical appearance, discussions about their relationships, derogatory comments about women, showing nude or near nude pictures of women and other matters that made Plaintiff uncomfortable. By forcing Plaintiff to take part in these meetings, Mr. Smith was subjecting Plaintiff to inappropriate sexual conduct.

17. Mr. Smith then began harassing Plaintiff by nitpicking at minor things she was doing by working like eating a snack on the clock or having a family member drop off items to her at work. Both of those things were allowed to be done by other white, male employees without any issues.

18. Plaintiff complained to Human Resources and the Assistant Plant Manager and Quality Control Manager about the treatment she was receiving from Mr. Smith and that she was being treated differently than other similarly situated white, male employees.

2

19. After making the complaints to Human Resources, Mr. Smith informed Plaintiff that she was not to make any further complaints to Human Resources or upper management.

20. Plaintiff was also being followed constantly by Mike Grimes, one of Plaintiff's coworkers. Mr. Grimes would show up in places on the job site that he had no work or other business but solely to watch/monitor Plaintiff.

21. Upon information and belief, Mr. Grimes was doing this on behalf of Mr. Smith.

22. In February 2020, Mr. Smith changed Plaintiff's schedule again and informed Plaintiff that she was not allowed to work overtime.

23. The harassing treatment by management worsened in April 2020.

24. The harassment caused Plaintiff to have health issues in April 2020. As a result of the health issues, Plaintiff's doctor advised her to take some time off and Plaintiff went on leave via short term disability. Plaintiff returned in August 2020.

25. After returning to work, Plaintiff was still not allowed to work overtime like her coworkers. Throughout 2021, Plaintiff has not been allowed to work the same amount of overtime as her similarly situated white coworkers.

26. Plaintiff has received disparate treatment as it relates to her ability to work more hours like her white, male coworkers.

27. Plaintiff has suffered emotional distress related to the disparate and harassing treatment she received from her supervisor.

28. Defendant has been made aware of the treatment and has failed to put a stop to the disparate or harassing treatment suffered by Plaintiff.

29. By failing to address the treatment, Defendant has ratified the treatment by Mr. Smith.

### III. CLAIM OF RELIEF: RACE DISCRIMINATION

30. The foregoing paragraphs are re-alleged and incorporated by reference herein.

31. Plaintiff received disparate treatment than other similarly situated employees

32. Upon information and belief, Defendant allowed other white employees to work overtime.

33. This disparate treatment caused Plaintiff to earn less than other similarly stated employees

34. As a direct result of Defendant's actions, Plaintiff has suffered damages including economic and emotional distress.

35. Defendants' actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq* and § 1983.

### IV. CLAIM OF RELIEF: SEX DISCRIMINATION

36. The foregoing paragraphs are re-alleged and incorporated by reference herein.

37. Defendant treated similarly situated male employees more favorably than Plaintiff.

38. Upon information and belief, Defendant allowed other white employees to work overtime.

39. As a direct result of Defendant's actions, Plaintiff has suffered damages including economic and emotional distress.

40. Defendants' actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq* and § 1983.

### V. CLAIM OF RELIEF: RETALIATION

41. The foregoing paragraphs are re-alleged and incorporated by reference herein.

42. Plaintiff complained to management about Mr. Smith's disparate and harassing treatment toward her as compared to male employees.

43. After Plaintiff's complaint, her hours were reduced, and she was denied the ability to work overtime.

44. Plaintiff has been harmed financially and emotionally by the harassment and reduction of hours.

45. Defendant's acts and omissions have been willful and committed with malice and/or a reckless disregard for Plaintiff's federally protected rights.

46. Defendants' actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq* and § 1983. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

47. Accordingly, Plaintiff is entitled to recover compensatory and punitive damages.

## VI. CLAIM OF RELIEF: VIOLATION OF 42 USC 1981

48. The foregoing paragraphs are re-alleged and incorporated by reference herein.

49. Defendant's discrimination against Plaintiff would not have occurred but for her race.

50. By the actions conduct described above, Defendant deprived Plaintiff the same rights as afforded to the similarly situated white employees to the creation, performance, enjoyment and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC §1981.

51. As a result of the Defendant's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling them to injunctive and equitable monetary relief; and has suffered anguish, emotional distress and loss of enjoyment of life because of Defendant's actions, thereby entitling her to compensatory damages.

52. Defendants have acted with malice or reckless indifference to the rights of the Plaintiff, entitling her to an award of punitive damages.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

53. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 430-2020-01803, dated August 16, 2020. The EEOC issued a Notice of Right-To-Sue on June 29, 2021. Plaintiff is filing this action within ninety (90) days of receiving the Notice of Right-To-Sue. She has complied with all jurisdictional requirements and has exhausted administrative pre-requisites before initiating this action.  See Exhibit A.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court grant the following relief:

1. Grant a permanent injunction enjoining Defendant from engaging unlawful employment practices which violate Section 1981 and Title VII.

2. Lost wages, salary, employment benefits and other compensation that was lost due to Defendant's actions in violation of Title VII, 42 U.S.C. § 2000e *et seq*.

3. A judgment in favor of Plaintiff and against Defendant for the emotional distress, pain and suffering caused by Defendant's retaliation against Plaintiff.

4. Award plaintiff back pay and front pay and any other compensatory damages suffered by Plaintiff which were caused by Defendant's actions as alleged herein.

5. Award Plaintiff punitive damages as provided by federal law for Defendant's actions alleged herein.

6. The Court award Plaintiff an award for costs and reasonable attorney's fees and other litigation expenses pursuant to § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).

7. Trial by jury.

8. The Court order such other and further relief as it may deem just and proper.

This the 27th day of September 2021.

/s/Lawrence D. Wooden
Lawrence Wooden
Wooden Bowers Vinson PLLC
NC Bar #:47199
8420 University Exec. Park Dr. Suite 810
Charlotte, North Carolina 28262
Telephone: 704-665-5838
Facsimile: 704-973-9380
Email: lwooden@wbvlaw.com
*Attorney for the Plaintiff*