UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EARTHELL LATTA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case 3:21-CV-00508-MOC-DSC |
| MARTIN MARIETTA MATERIALS INC., | § § § § | JURY DEMANDED |
| *Defendant.* | § | |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between counsel for the parties and ordered by the Court that the following terms and conditions shall govern the handling and treatment of any and all documents and things (including all copies, excerpts, and summaries thereof), computer-generated data, information in computers and on computer disks and tapes, deposition testimony, interrogatory responses, exhibits, and any information otherwise produced, obtained, or disclosed by the parties in discovery, pretrial proceedings, trial, and post-trial proceedings in this litigation, including all information contained therein or derived therefrom (hereinafter, the "Protected Material") as follows:

1. The Protected Material, including all copies, excerpts, and summaries thereof, and all material containing information derived therefrom, shall be used solely for purposes of this litigation and shall not be used for any other purposes including, without limitation, any business, commercial, or competitive purpose, or any other litigation or proceeding.

2. In addition, any person or entity, whether or not a party to this action, may designate as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" any material it produces or discloses in

this action. All such designated material, all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Confidential Material." A party will only use the "ATTORNEYS EYES ONLY" designation for documents and information the party believes in good faith contain highly confidential information for which a "CONFIDENTIAL" designation alone is not sufficient.

3. Protected Material designated as "CONFIDENTIAL" may be disclosed, summarized, described, revealed, or otherwise made available, in whole or in part, only in accordance with the terms of this Order and only to the following persons:

(a) counsel for any of the parties or record and their paralegal, secretarial, and clerical staffs or vendors utilized by the attorneys for the parties

(b) the Parties, including their employees, agents, and representatives;

(c) the author(s), source(s), or recipient(s) of any document with such designation.

(d) any consultant or expert (including both testifying experts and consulting experts) retained or consulted by any party for the purpose of testifying or rendering assistance or providing opinions in this action including, but not limited to, independent experts and consultants, but only to the extent necessary to assist counsel in the conduct of or resolution of this litigation;

(e) any former employee of a party or any other person who is participating in the litigation as a deponent, witness, or potential witness, where:

i. during the course of deposition testimony or at a hearing or trial, or in preparation for such testimony, counsel reasonably and in good faith believes

that examination with respect to the Confidential Material is necessary for legitimate discovery or trial purposes; or

    ii.    it appears on the face of the Confidential Material or from other documents or testimony that the witness had lawfully generated or received the Protected Material prior to and apart from this litigation;

    (f)    the Court, jurors, court personnel, clerks, or other individuals designated by the Court to whom it is necessary that the material be shown for purposes of this litigation;

    (g)    any mediator engaged in this matter;

    (h)    Court reporters and videographers; and

    (i)    Vendors involved in copying, organizing, converting, storing, or retrieving Confidential Material.

4.    Protected Material designated as "ATTORNEYS EYES ONLY" may be disclosed, summarized, described, revealed, or otherwise made available, in whole or in part, only in accordance with the terms of this Order and only to the following persons:

    (a)    counsel for any of the parties or record and their paralegal, secretarial, and clerical staffs or vendors utilized by the attorneys for the parties

    (b)    the Parties, including their employees, agents, and representatives;

    (c)    the author(s), source(s), or recipient(s) of any document with such designation.

    (d)    the Court, jurors, court personnel, clerks, or other individuals designated by the Court to whom it is necessary that the material be shown for purposes of this litigation;

    (e)    Court reporters and videographers; and

(f) Vendors involved in copying, organizing, converting, storing, or retrieving Protected Material.

(g) Protected Material designated as "ATTORNEYS EYES ONLY" and any copies of Protected Material designated as "ATTORNEYS EYES ONLY" must remain only at the offices of the receiving party's outside counsel of record or the offices and storage facilities of those persons and entities identified in paragraphs (c), (d), (e), (g), or (h) above or the location of any court proceeding or mediation.

5. Except with respect to the Court entering this order, every person to whom Protected Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part in accordance with the terms of this Order shall first be advised that the material or information is being disclosed pursuant and subject to the terms of this Order and, with respect to the categories of persons in paragraphs 3(b), (c), (d) and 4(b), (c), and (d) shall orally agree to keep the information confidential and orally acknowledge that he or she may not disclose, summarize, describe, characterize, or otherwise reference such material to any persons except as allowed by this Order.

6. The inadvertent failure to designate any information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" will not be deemed to waive a later claim as to its confidential, or privileged nature, or to stop the producing party from designating such information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" at a later date in writing and with particularity. The information must be treated by the receiving party as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" from the time the receiving party is notified in writing of the change in the designation.

7.  After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record in compliance with this order. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Order following termination of this litigation.

8.  Upon termination of this action by dismissal, judgment, or settlement, and upon request of the producing party, counsel for the party or parties receiving Protected Material shall, within thirty days of the request, either: (i) return the Protected Material to the counsel for the party or parties disclosing or producing the Protected Material; or (ii) certify that the Protected Material has been destroyed.

9.  Nothing in this Order shall be construed to constitute a waiver or limitation of any kind on the rights of any of the parties to assert any applicable discovery or trial privilege or objection. This Order shall not impair the right of any party to assert any information is not subject to discovery for any other reason, such as relevance. Nothing in this Order shall be construed to prevent any party from applying to the Court for additional or other types of protections for any information subject to discovery in this case.

10. Pursuant to Federal Rule of Evidence 502(d), the parties have stipulated and the Court ORDERS that the production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

11. Any party, after conferring in good faith with the opposing party, may file a motion to modify the terms of this Order.

12. The ultimate disposition of the designation of Protected Material is subject to a final order of the Court on the completion of litigation.

**SO ORDERED**.

Signed: May 23, 2022

David S. Cayer
United States Magistrate Judge

Agreed as to form and content:

*/s/ Mike Birrer*
Mike Birrer*
 Texas Bar No. 00783662
 mbirrer@ccsb.com
(Admitted *Pro Hac Vice*)
**CARRINGTON, COLEMAN, SLOMAN &
 BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3113
Facsimile: (214) 580-2641

Brian L. Church
N.C. Bar No. 39581
bchurch@robinsonbradshaw.com
**ROBINSON, BRADSHAW & HINSON, P.A.**
101 N. Tryon St., Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8166
Facsimile: (704) 378-4000
*Attorneys for Defendant*

*Indicates admitted pro hac vice

/s*/ Lawrence Wooden (signed by permission)*
Lawrence Wooden
**Wooden Bowers Vinson PLLC**
NC Bar #:47199
8420 University Exec. Park Dr. Suite 810
Charlotte, North Carolina 28262
Telephone: 704-665-5838
Facsimile: 704-973-9380 Email:
lwooden@wbvlaw.com
*Attorney for the Plaintiff*